Plaintiff-appellant Douglas J. Sharp appeals the July 24, 1998 Judgment Entry/Decree of Divorce entered by the Delaware County Court of Common Pleas, Domestic Relations Division, approving the May 8, 1998 Magistrate's Decision and awarding defendant-appellee Sue E. Sharp spousal support in the amount of $300/month for thirty-six months.
 STATEMENT OF THE FACTS AND CASE
Appellant and appellee were married on November 22, 1986. One child, Amanda Sue (DOB 11/3/87), was born as issue of said union.
On August 3, 1992, appellant filed a Complaint for Divorce in the Delaware County Court of Common Pleas, Domestic Relations Division. On August 5, 1992, appellee filed a Complaint for Legal Separation. The trial court consolidated the parties' complaints. The trial court issued temporary orders on August 13, 1992, ordering appellant to pay child support. The temporary orders did not require appellant to pay spousal support.
On May 5, 1993, the trial court issued a Journal Entry/Decree of Legal Separation, which incorporated the parties' agreement relative to the division of assets, allocation of liabilities as well as custody and visitation. The trial court noted the decree of legal separation was without prejudice to appellant's complaint for divorce and the court would hear the complaint upon written request of appellant.
Subsequently, on October 18, 1994, appellant filed a Motion to Set Final Hearing on Plaintiff/Husband's Complaint for Divorce. On March 8, 1995, appellant filed a pro se amended complaint for divorce. Via Agreed Judgment Entry dated March 16, 1995, the parties withdrew all pending motions and dismissed without prejudice all pending complaints[1]. On May 2, 1997, appellant filed a Motion to Reinstate Complaint for Divorce and an amended complaint. Appellee file a motion to bring all matters before the court.
The matter came on for hearing before the Magistrate on April 23, 1998. The parties stipulated the sole issue to be decided by the Magistrate was whether or not appellee was entitled to spousal support and, if so, the amount and duration of said support. Via Magistrate's Decision dated May 8, 1998, the Magistrate recommended child support be increased to $500/month and spousal support be awarded to appellee in the amount of $300/month with said support terminating upon the earliest of the following events: 1) the death of either party; 2) thirty-six monthly payments; or 3) appellee's remarriage or cohabitation with a non-related adult male.
Appellant filed timely objections to the Magistrate's Decision. Via Judgment Entry/Decree of Divorce dated July 24, 1998, the trial court granted the parties a divorce from one another. The trial court increased appellant's child support obligation to $500/month, and ordered appellant to pay spousal support in the amount of $300/month, with said support terminating upon the same conditions set forth by the Magistrate.
It is from this judgment entry appellant appeals, raising as his sole assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT APPROVED THE MAGISTRATE'S DECISION ESTABLISHING A SPOUSAL SUPPORT AWARD FOR THE DEFENDANT/APPELLEE.
Herein, appellant maintains the trial court abused its discretion in approving the Magistrate's Decision to award spousal support to appellee.
A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard.Cherry v. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
In Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97, the Ohio State Supreme Court stated:
 In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law.
In the instant action, the trial court ordered the following relative to spousal support:
 4. The Husband shall pay spousal support of $300.00 per month commencing with the month of June, 1998. Spousal support shall be paid through the Delaware County Child Support Enforcement Agency with proper poundage by wage assignment. Spousal support shall terminate on the earliest of the following events: 1) the death of either Party; 2) 36 monthly payments (whether or not paid in advance); 3) the Wife's remarriage or cohabitation with a non-related adult male. The Court retains jurisdiction to modify this award based on changed circumstances of the Parties as defined in Section 3105.18 of the Ohio Revised Code.
July 24, 1998 Judgment Entry/Decree of Divorce.
As paragraph 4 of the Judgment Entry/Decree of Divorce indicates, supra,4 although the trial court awarded spousal support, it did not make specific factual findings regarding this determination. The trial court did not specifically adopt the Magistrate's findings as required by Civ. R. 53(E)(4). Pursuant to Kaechele, supra, the trial court was required to indicate the basis for the spousal support award in sufficient detail to enable review. Without such detail, we are unable to review the propriety of the order.
Upon review of the entire record, we are unpersuaded the trial court abused its discretion in ordering spousal support. Nevertheless, we sustain appellant's sole assignment of error under the authority of Kaechele, supra.
The Judgment Entry/Decree of Divorce of the Delaware County Court of Common Pleas, Domestic Relations Division, is reversed and the case remanded to the trial court for specific findings of fact and conclusions of law in accordance with this opinion and law as to its order of spousal support.
By: Hoffman, P.J., Reader, J. and Wise, J. concur
--------------------
--------------------
 -------------------- JUDGES
[1] The entry also indicated the Decree of Legal Separation filed May 5, 1993, was not amended or changed and remained in full force and effect.